|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF NEVADA | |

THOMAS J. BALBONI,                )
                                  )   3:08-cv-00451-BES-VPC
      Plaintiff,             )
                                  )
  vs.                             )   **REPORT AND RECOMMENDATION**
                                  )   **OF U.S. MAGISTRATE JUDGE**
                                  )
HOWARD SKOLNIK, *et al.*,         )
                                  )   June 1, 2009
      Defendants.            )
_____)

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#17). Plaintiff opposed (#20) and filed a motion to strike the motion to dismiss (#21). Defendants replied (#22) and opposed the motion to strike (#23). Plaintiff replied (#28).[1] The court has thoroughly reviewed the record and the motion and recommends that defendants' motion to dismiss (#17) be granted.

### I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Thomas J. Balboni ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#1-2). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his rights while he was incarcerated at NNCC. *Id*. Specifically, plaintiff brings ten claims for relief including intentional infliction of emotional distress, negligent employment, deliberate indifference, negligence, asbestos personal injury, personal injury, cruel and unusual punishment, unsafe living conditions, gross negligence, and violation of civil rights pursuant to 42 U.S.C. § 1983. *Id*. Plaintiff names as defendants Howard Skolnik, Director of

---

[1] Plaintiff also filed a sur-reply to defendants' reply to the motion to dismiss (#24), and defendants moved to strike the sur-reply (#25). Local Rule 7-2 does not allow for a sur-reply to a reply. Therefore, defendants' motion to strike plaintiff's sur-reply (#25) is granted.

NDOC; James Benedetti, NNCC Warden; Wes Mattice, NNCC Associate Warden of Operations; Tony Corda, NNCC Associate Warden of Programs; and John Does I-XX. *Id*.

The majority of plaintiff's complaint centers around allegations that defendants exposed him to asbestos while he was housed at NNCC. *Id*. Plaintiff asserts that in about November 2007, defendants hired construction workers to install a fire sprinkler system at NNCC. *Id*. During the installation process, the workers drilled holes into the ceiling and found asbestos, which caused them to stop the installation. *Id*. Plaintiff contends that he was exposed to asbestos for "two or more weeks" during the installation, which caused him to suffer health problem and gave rise to his ten claims for relief. *Id*.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

**1.     Motion to dismiss for failure to state a claim**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the complaint. *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990). Under section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the defendants acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quotations

omitted).

## 2. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002), citing *Booth*, 532 U.S. at 739-40, n.5. Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741, n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

All administrative remedies must be exhausted before the action is "brought" by a prisoner. In *Vaden v. Summerhill*, the Ninth Circuit adopted the Seventh Circuit rule that "an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk." 449 F.3d 1047, 1050 (9th Cir. 2006). Additionally, the court must dismiss if exhaustion requirements are not met when the suit is brought, "even if the plaintiff exhausts his administrative remedies while the litigation is pending." *Id.*

Failure to exhaust is an affirmative defense under the PLRA rather than a jurisdictional requirement. As such, inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Jones*, 127 S.Ct. at 921. Rather, it is the defendant's responsibility to raise failure to exhaust as an affirmative defense.

## 3. NDOC Grievance Procedure

The NDOC grievance procedure is governed by A.R. 740 (#12, Ex. A). In order to exhaust

3

1  available remedies, A.R. 740 requires as follows: (1) an informal review process; (2) a first level
2  formal grievance appealing the informal grievance decision to the warden; and (3) a second level
3  grievance, which is decided by the Assistant Director of Operations. *Id*. A.R. 740 requires NDOC
4  officials to respond at each grievance level within a specified time period, beginning from the
5  date of receipt of the inmate's grievance. *Id*. Inmates are given six months to file an informal
6  grievance when the claims involve personal property damage or loss, personal injury, medical
7  claims or any other torts claims. *Id*., p. 14. Plaintiff then has five days after the return of a
8  decision based on the level of review to appeal the decision. *Id.*

9 **B.    Analysis**

10 Defendants argue that all ten claims should be dismissed because plaintiff failed to
11 exhaust his administrative remedies before filing the instant action, pursuant to the PLRA and AR
12 740 (#17). Specifically, defendants claim that plaintiff filed an informal grievance on or about
13 November 26, 2007, complaining about exposure to asbestos. *Id*. p. 6, DEF MTD 039. The
14 informal grievance was assigned Log Number 20062656292. Defendants responded to the
15 grievance on December 5, 2007, and plaintiff received the informal grievance back and indicated
16 he disagreed with the response on December 11, 2007. *Id*. Plaintiff did not file a first level
17 grievance until May 29, 2008. Defendants responded on June 4, 2008, informing plaintiff that his
18 first level grievance was untimely as it was filed more than five days after he received the
19 response to the informal grievance. *Id*. Plaintiff filed another first level grievance on June 3, 2008,
20 which defendants again returned as untimely. *Id*. p. 7. Both first level grievances were untimely
21 and plaintiff never filed a second level grievance; therefore, plaintiff failed to exhaust his
22 administrative remedies. *Id*.

23 Plaintiff's response does not directly address defendants' failure to exhaust argument
24 (#20). Plaintiff argues that defendants subjected him to unsafe conditions. *Id*. p. 2. Further,
25 defendants retaliated against him by issuing an improper Notice of Charges. *Id*. Plaintiff also
26 contends that defendants do not follow their own ARs because they issued this Notice of Charges.
27 *Id*. p. 5. Plaintiff discusses the response he received to his informal grievance, and asserts that
28 John Perry, the head of nursing, who responded to this grievance, did not have the authority to

4

1 give such a response. *Id*. p. 6.

2 Defendants reply that plaintiff failed to demonstrate that he exhausted his administrative remedies, as he failed to address any of defendants' arguments in his opposition; rather, he restated the allegations in his complaint (#22). Further, plaintiff did not assert a retaliation claim in the complaint, and he cannot attempt to bring a new claim in the opposition. *Id*. p. 2-3.

6 The PLRA mandates that inmates exhaust their administrative remedies prior to filing suit. As such, plaintiff was required to file three levels of grievances within the time periods prescribed by AR 740. The evidence demonstrates that plaintiff filed informal grievance number 20062656292. on November 26, 2007, complaining that he had been feeling sick, and that he attributed his illness to asbestos exposure from the drilling in his unit (#17-3, DEF MTD 039). John Perry, who is not a defendant, responded to the informal grievance on December 5, 2007, stating: "Mr. Balboni, you are not likely to experience symptoms of acute exposure to asbestos, and abatement crews are eliminating it in a prescribed manner. But, if you are getting sick from some other source, feel free to present yourself to sick call for which you will be billed. Grievance resolved." *Id*. Plaintiff signed for the return of his informal grievance on December 11, 2007. *Id*. Plaintiff filed a first level grievance requesting review of log number 20062656292 on May 29, 2008. *Id*. DEF MTD 040-043. This grievance was returned as untimely to plaintiff on June 10, 2008. The response noted that plaintiff submitted informal grievance 20062656292 in November 2007, and that there were no records of receiving either a first or second level grievance on this grievance number, thereby abandoning it. *Id*. DEF MTD 044. Plaintiff filed an additional first level grievance on June 3, 2008. *Id*. DEF MTD 045. This grievance was again rejected as untimely. *Id*. DEF MTD 047. There appear to be no records that plaintiff filed either a first or second level grievance complaining of asbestos exposure at an earlier time.[2]

---

[2] Plaintiff states that he placed a first level grievance in the grievance box on December 13, 2007 (#20, p. 3). In an inmate request form, he also stated that he submitted a first level grievance dated December 13, 2007, and a second level grievance dated January 10, 2008. However, plaintiff has not submitted either of these grievances to the court. Therefore, the only evidence before the court is the three grievances defendants submitted, which demonstrate that plaintiff did not timely file a first or second level grievance.

Pursuant to AR 740, plaintiff was required to appeal informal grievance 20062656292 within five days after he received defendants' response. Therefore, plaintiff had to appeal by December 16, 2007. Plaintiff did not appeal until May 29, 2008, well past the deadline prescribed by AR 740. As such, plaintiff failed to exhaust his administrative remedies; therefore, defendants' motion to dismiss (#17) is granted.[3]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to exhaust his administrative remedies prior to filing his complaint. As such, the court concludes that defendants' motion to dismiss (#17) be **GRANTED**, plaintiff's motion to strike defendants' motion to dismiss (#21) be **DENIED**, and defendants' motion to strike plaintiff's sur-reply to defendants' motion to dismiss (#25) be **GRANTED**, and the action be dismissed without prejudice.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

---

[3] Plaintiff also filed a "motion to strike defendant's (sic) motion to dismiss[,] it's not well grounded law or fact and misplaced and misleading Rule 11, 12, 56E" (#21). Plaintiff argues that defendants removed this case from state court in an effort to vexatiously multiply the proceedings. Therefore, their motion to dismiss was filed to "manipulate the rules and laws of [this] Court." *Id*. There is no evidence that defendants are acting in bad faith. Defendants properly removed plaintiff's complaint to federal court as plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Defendants' removal of this action to federal court does not preclude them from filing a motion to dismiss, and it is not evidence of vexatious or bad faith litigation tactics. Therefore, plaintiff's motion to strike (#21) is denied.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#17) be **GRANTED**, plaintiff's motion to strike defendants' motion to dismiss (#21) be **DENIED**, and defendants' motion to strike plaintiff's sur-reply to defendants' motion to dismiss (#25) be **GRANTED**, and the action be dismissed without prejudice.

**DATED:** June 1, 2009.

*Valerie P. Cooke*

**UNITED STATES MAGISTRATE JUDGE**

7